## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN L. ROBERTS, SHANE** | : | No. 5:08-CV-4507 |
| **DEARDORFF, MATTHEW T.** | : | |
| **SHUEY, MICHAEL S. LYONS,** | : | Judge Juan R. Sánchez |
| **CLAIR MARTIN, TIMOTHY W.** | : | |
| **WHEALE** and **GORDON J.** | : | Jury Trial Demanded |
| **BERLIN,** | : | |
| | : | FILED ELECTONICALLY |
| *Plaintiffs,* | : | |
| *v.* | : | |
| | : | |
| **JACK F. MENTZER, JOSEPH M.** | : | |
| **DITZLER and** | : | |
| **ELIZABETHTOWN BOROUGH**, | : | |
| | : | |
| *Defendants.* | : | |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR SANCTIONS FOR VIOLATIONS OF F.R.C.P. 11 AGAINST PLAINTIFF MICHAEL S. LYONS

### I.    INTRODUCTION

Jack F. Mentzer, Joseph M. Ditzler and Elizabethtown Borough (collectively, the "Defendants"), by and through his undersigned attorneys, respectfully move this Honorable Court for the imposition of sanctions against Plaintiff Michael Lyons ("Lyons") pursuant to F.R.C.P. 11(c). As evidenced herein, despite his certification under Rule 11(b), Lyons filed his Amended Complaint in this matter without any basis in law and with fatal deficiencies in the evidentiary support for his allegations.

Lyons contends that his First, Fourth and Fourteenth Amendment rights were violated when Defendants allegedly used Borough owned and maintained personnel files during the discovery phase of a predecessor employment discrimination action.  Lyons additionally claims that he was denied a *per diem* known as "court stand by" pay in retaliation for filing his predecessor Complaint. *Amended Complaint* in ¶ 26.

Lyons' claims are completely without merit.  First, Lyons cannot now claim that his rights have been violated when *he himself* placed his own personnel file at issue in the predecessor civil action by asking for it in the discovery phase of the case.

Second, though Lyons claims that he was denied a "court stand by" *per diem* in retaliation for the filing of his predecessor civil action, it is beyond dispute that he was actually paid the stipend in question. *Amended Complaint* in ¶ 26.  Despite being provided uncontroverted evidence that he was paid the *per diem*, Lyons has persisted in maintaining this meritless claim.

Third, there is no authority for the proposition that a municipal employer is barred from questioning its own employees during a discovery deposition using information garnered during the Borough's own participation in an employer-employee relationship.  A personnel file is the property of and maintained by the employer--in this case, the Borough of Elizabethtown.  There is simply no legal or

factual basis for the instant action and Lyons' failure to voluntarily dismiss his claims in this action should lead to the imposition of sanctions.

## II.   LYONS' PREDECESSOR CIVIL ACTION

One of the Plaintiffs in the instant action, Michael J. Lyons, was also a Plaintiff in a previously-filed Civil Action (*Lyons v. Jack F. Mentzer, et al*) involving the identical Defendants and docketed in the United States District Court for the Eastern District of Pennsylvania at Docket No. 08-CV-0094.[1]  The parties to, theories alleged and facts set forth in *Lyons v. Jack F. Mentzer, et al.* are intertwined with the subject matter of Lyons' instant Complaint.

In *Lyons v. Jack F. Mentzer, et al.*, Lyons claimed that his First and Fourteenth Amendment rights were violated and that he had been retaliated against by Defendants Mentzer, Ditzler and the Borough for speaking on matters of alleged public concern.  Lyons also claimed that other terms and conditions of employment (such as the requirement that he fill out a light duty form to describe his ability to work) became more stringent and severe after the filing of his lawsuit. Central to his proofs in *Lyons v. Jack F. Mentzer, et al.*, Plaintiff Michael Lyons claimed that he was subject to discipline that was more severe than that suffered by other, similarly situated employees of the Elizabethtown Police Department.

---

[1]     The remainder of the Plaintiffs in the case at bar are all current or former police officers employed by the Borough of Elizabethtown who were deposed during the discovery phase of *Lyons v. Jack F. Mentzer, et al.*

*Lyons v. Jack F. Mentzer, et al.* was assigned to the Honorable Juan R. Sánchez for disposition.  Following a six-month period of discovery, *Lyons v. Jack F. Mentzer, et al.* was the subject of a Motion for Summary Judgment and was dismissed on October 2, 2008 by Order of Court following oral argument.

### III.   THE INSTANT ACTION

In the <u>Instant</u> Action, Lyons alleges, in pertinent part, as follows:

(a)   Defendants Mentzer, Ditzler and Elizabethtown Borough used certain unidentified contents of Lyons' personnel file during his deposition which was taken during the discovery phase of *Lyons v. Jack F. Mentzer, et al.*;

(b)   The personnel file maintained by the Borough was Lyons' property and not the Borough's property;

(c)   Lyons had a right of privacy under the First Amendment that was violated by the use of his personnel file during the discovery phase of *Lyons v. Jack F. Mentzer, et al.*;

(d)   Lyons had a right of privacy under the Fourth Amendment that was violated by the use of his personnel files during the discovery phase of *Lyons v. Jack F. Mentzer, et al.*;

(e)    Lyons had a right of privacy under the Fourteenth Amendment that was violated by the use of his personnel files during the discovery phase of _Lyons v. Jack F. Mentzer, et al._;

(f)    the use of certain unidentified contents of Lyons' personnel files in Lyons' deposition in _Lyons v. Jack F. Mentzer, et al._ constituted an unauthorized disclosure of his personnel files that violated Lyons' rights under the First, Fourth and Fourteenth Amendments to the United States Constitution;

## IV.    DEFENDANTS' MOTION FOR SANCTIONS

On October 31, 2008, Defendants served on Lyons a copy of this Motion for Sanctions and accompanying letter of explanation, setting forth with specificity the ways in which the Defendants contend that Lyons violated his duties under Rule 11(b) of the Federal Rules of Civil Procedure.  Lyons did not accede to the Defendants' demand to withdraw the Complaint.  In fact, Lyons did not answer Defendants' correspondence.

Pursuant to Rule 11(b) of the Rules of Civil Procedure, Lyons certified to this Court that, to the best of his knowledge, information and belief, formed after a reasonable inquiry:  (1) his Complaint was not being presented for any improper purpose; (2) the claims and other legal contentions therein were warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law; and (3) the factual

allegations set forth in the Complaint are warranted on the evidence.  In filing and

persisting in his Complaint, Lyons has violated all three of these certifications.

## V.   ARGUMENT

### A.   LYONS' COMPLAINT SETS FORTH FRIVOLOUS LEGAL CLAIMS

Lyons specious claims that his rights under the First, Fourth and Fourteenth

Amendments to the United States Constitution have been violated lack any basis in

existing law and are completely frivolous under F.R.C.P. 11(b)(2).

### 1.   THE BOROUGH'S USE OF MICHAEL LYONS' PERSONNEL FILE DURING DISCOVERY DID NOT VIOLATE MICHAEL LYONS' FIRST, FOURTH OR FOURTEENTH AMENDMENT RIGHTS

During the discovery phase of _Lyons v. Jack F. Mentzer, et al._, Lyons,

through a Request for Production of Documents, demanded a copy of his own

personnel file (Lyons also requested the personnel files of Defendant Mentzer,

Defendant Ditzler and Officer Nicholas Finicle).[2]  Plaintiff cannot now claim that

he had a privacy interest in any of the contents of his personnel file when _he_

_himself_ made the contents of his personnel file a part of the predecessor litigation

though his own discovery request.[3]  None of the other Plaintiffs are similarly

situated.

---

[2]     Though he is now represented by the same counsel as in _Lyons v. Jack F._
_Mentzer, et al._, Officer Lyons never sought the issuance of a protective order even
though he and his counsel could have sought the intervention of this Court.

[3]     The fact that Lyons requested his own personnel file thus making it part of
discovery is central to distinguishing his claims from the other Plaintiffs.  Though
Defendants do not concede that they violated any right allegedly accruing to the

Distilled to its essence, Lyons is not complaining that his personnel file was disclosed to him during discovery *instead* Lyons is complaining that the Defendants allegedly: 1) read his personnel file; 2) prepared for his deposition using the personnel file; and, 3) asked him questions during the deposition using information (about which Lyons was already well aware--it was his personnel file after all) from the personnel file.

Defendants are unaware of any authority supporting the proposition that any plaintiff is entitled to place his own personnel file at issue during litigation and—at the same time—preclude the employer/defendants from using its contents during a discovery deposition.[4]  In fact, the principle that materials requested and produced during discovery are available for  use during discovery *by both sides* is so self-evident and fundamental that any plaintiff making any reasonable inquiry is on notice that a claim similar to the one presented here is entirely meritless.  Further, to the extent that Lyons claimed repeatedly (in the predecessor litigation) that, in comparison to other Elizabethtown Borough police officers, he was treated less favorably in areas of, *inter alia*, discipline and light duty leave, he cannot now

---

other Plaintiffs, Lyons--by virtue of his previous status as a litigant in *Lyons v. Jack F. Mentzer, et al.*--is differently situated and his claims must viewed exclusively through that prism.  So, while Defendants intend to challenge the other Plaintiffs' claims through the vehicle of a Rule 12 motion, Lyons' claims are distinctly different and should not have been brought in the first instance.

[4]    In order to decide this Motion for Sanctions, this Court need not reach the issue of whether or not the other Plaintiffs' Fourth or Fourteenth Amendment rights were violated since Lyons is differently situated and his claims are *sui generis*.

complain that the Defendants' alleged use of his own personnel file to verify or disprove his claims was somehow a violation of his constitutional rights.

In a federal civil rights action, federal law--not state law--controls what evidence is privileged and discoverable. Fed.R.Evid. 501; _Horizon of Hope; Ministry v. Clark County, Ohio,_ 115 F.R.D. 1, 4 (S.D.Ohio 1986).  It also is well settled that under federal law there exists no general privilege for personnel files, even those of law enforcement officers. _Horizon of Hope,_ 115 F.R.D. at 6 (police officer personnel files discoverable); _Coughlin v. Lee,_ 946 F.2d 1152, 1159 (5th Cir.1991) (allowing discovery of records of police officer background check); _Weahkee v. Norton,_ 621 F.2d 1080, 1082 (10th Cir.1980) (allowing discovery of EEOC personnel files); In fact, it is common practice for personnel files to become part of the record in matters involving litigation. _Jones v. City of Wilmington_, 299 F. Supp.2d 380, 394 (D. Del. 2004) (finding no privilege under federal law for personnel files and ordering production of relevant files); _Watts v. Kimmerly,_ 1996 WL 911254 (W.D.Mich. Apr.12, 1996) (affirming magistrate's order that granted plaintiffs' motion to compel discovery of personnel files of police officers who were not named defendants in Title VII action).

With respect to the Fourth Amendment's impact on government employment, the capacity of a government employee to claim the protection of the Fourth Amendment depends on whether the area searched was one in which the

employee had reasonable expectation of privacy.  *O'Connor v Ortega*, 480 US 709 (1987).  There can be no reasonable expectation of privacy here since the personnel file has always been in the possession of the employer, not the employee.

Further, there can be no invasion of an individual's right to privacy when the alleged private material disclosed is <u>already known to the recipient</u>.  Defendants were responsible for maintaining the personnel files for all Elizabethtown police officers in the ordinary course of business.  Therefore, allegedly "revealing" the contents of Lyons' personnel file during a deposition attended by the very people charged with maintaining the personnel files in the first place could hardly be deemed a "disclosure" of information not previously known.

Had Lyons performed even a minimal investigation into his claims, much less the required <u>reasonable</u> investigation, he would have known that there was no basis in law for his claims.  Moreover, since Lyons is represented by the <u>same</u> counsel of record in front of the <u>same</u> court he is responsible for understanding that his request for his own personnel file during discovery does not give rise to any First Amendment protection.  Lyons' claim that his First Amendment rights were violated by the Defendants' alleged use of his own personnel file is without any basis in law and properly forms the basis for sanctions under Rule 11.

It is self evident that the Defendants' alleged use of Lyons' personnel file was <u>not</u> undertaken in retaliation for any exercise of Lyons' right to free speech or right to petition this Court but instead because Lyons' own request made it part of discovery in the predecessor litigation.  Further, any alleged property interest which Lyons may claim was waived by Lyons' voluntary decision to make his personnel file part of the discovery process.

As such, there is simply no basis in the law to suggest that--under the particular facts underlying Lyons' claims--Lyons had any right arising under the Fourth Amendment under which he had an expectation of privacy regarding the Defendants' alleged review or use of the contents of his personnel file during the defense of <u>*Lyons v. Jack F. Mentzer, et al*</u>.

Finally, Defendants are unaware of any authority that establishes that Lyons had any due process rights arising under the Fourteenth Amendment which would require the Defendants to notify Lyons and provide him a hearing before reviewing materials from personnel files which the Borough maintains.  First, there is no authority for the proposition that employer-maintained personnel files are the property of the employee and not the employer.  Second, because the files are <u>not</u> the property of an employee, then no process is due because there can be no denial of a property interest.

There is no regulation, no policy and no rule that would establish any such right. In fact, no court has ever embraced such a rule imposing due process requirements on an employer's review of personnel files because any such rule would be a significant restriction on the ability of employers to manage his workforce. If an employee had the right to demand due process before an employer reviewed employment files that the employer itself maintained, effective personnel management would be impossible.

There is simply no basis to contend, as Lyons does here, that any right under the First, Fourth or Fourteenth Amendments was violated by the Defendants' acts. Lyons' claims are without any foundation in law or fact and should be subject to sanction.

### 2.   MICHAEL LYONS' RETALIATION CLAIM

Lyons claims that, following the dismissal of *Lyons v. Jack F. Mentzer, et al.*, he was denied payment of a "court stand by" *per diem* in retaliation for his decision to bring the original action. There is no basis for this claim whatsoever.

Prior to the filing of this Motion, Lyons' Counsel was provided with indisputable evidence that: 1) Chief Mentzer specifically approved of and authorized payment of the *per diem*; 2) Lyons was paid the *per diem* as requested; and 3) Lyons converted his paycheck and, thus, accepted the *per diem* he

requested.[5]  Each one of those facts was either known (or, through the vehicle of Lyons' own cashed paycheck, should have been known) to Lyons prior to the filing of his Amended Complaint.  Lyons' failure to withdraw this claim in light of proof that the claim is without factual support is a basis for the assessment of sanctions.

### 3. LYONS' REMAINING CLAIMS ARE MERITLESS

Lyons has claimed that Defendants used "shadow files" in order to defend the predecessor lawsuit.  Lyons claims that he was never given the contents of the "shadow files" and further claims that this somehow prejudiced his conduct of this lawsuit.  There is no basis to claim that the alleged (and absolutely incorrect) contention that documents were not produced in the predecessor litigation has any merit relating to Lyons' current claims.

Through its counsel in the predecessor litigation, the Borough produced the contents of all "shadow files" in its possession.  Thus, this claim is without merit as well.  Further, Lyons is seeking bootstrap to this case a discovery dispute arising in a previous and separate piece of litigation.  This is not a proper part of the instant Complaint.

---

[5]  Contained in the documents provided to Lyons' counsel on October 31, 2008 is a sheet on which Chief Mentzer's own handwriting appears explicitly confirming that Lyons was to be paid $ 75.00 for "court stand by pay."  There can be no claim of retaliation when evidence provided to the Plaintiff demonstrates that the Chief specifically approved paying the stand by *per diem* requested.

Inexplicably, Lyons has also claimed that his right of association under the First Amendment has been harmed by the Borough's use of personnel files in the defense of _Lyons v. Jack F. Mentzer, et al_.  There is no case of which Defendants are aware that stands for the proposition that the alleged use of personnel files in litigation harms the ability of co-workers to associate with each other.  Further, all of the Plaintiffs named did give deposition testimony in _Lyons v. Jack F. Mentzer, et al_. so it is difficult to understand how Lyons' associational rights were harmed. There is simply no factual or legal basis for Lyons' claim of harm to his associational rights.

## VI. DEFENDANTS ARE ENTITLED TO RELIEF IN THE FORM OF SANCTIONS IMPOSED ON PLAINTIFFS

Consistent with Rule 11(c), this Court is empowered to impose sanctions against Lyons for his violations of Rule 11.  Based on the circumstances of this case, all claims brought against the Defendants by Lyons should be stricken, in their entirety and with prejudice, as an appropriate sanction.

**WHEREFORE**, Jack F. Mentzer, Joseph M. Ditzler and Elizabethtown Borough, respectfully request that this Court grant this Motion for Sanctions and enter an Order:

(g)    striking all claims brought against the Defendants by Plaintiff Michael S. Lyons in the above-captioned matter in their entirety and with prejudice;

(h)    directing that Plaintiff Michael S. Lyons shall be liable for the payment of the reasonable attorneys' fees and expenses to the Defendants incurred as a result of the drafting, briefing, filing and argument regarding this Motion brought pursuant to Federal Rule of Civil Procedure 11; and

(i)    award such other relief as the Court deems necessary and just.

Respectfully submitted,


s/Michael McAuliffe Miller
Michael McAuliffe Miller
mmiller@wolfblock.com
PA ID No. 78507
WolfBlock, LLP
213 Market Street, 9th Floor
Harrisburg, PA 17101
(717) 237-7174

Attorneys for Defendants


Dated: November 11, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this, the 11th day of November, 2008, a true and correct copy of the foregoing Brief in Support of Defendants' Motion for Sanctions was served upon Plaintiff's counsel by first class mail or by ECF filing, addressed as follows:

Don Bailey, Esquire
4311 North Sixth Street
Harrisburg, PA  17110


<u>S/ Michael McAuliffe Miller</u>
Michael McAuliffe Miller