

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN L. ROBERTS, et al. | : | CIVIL ACTION |
| v. | : | No.: 08-4507 |
| JACK F. MENTZER, et al. | : | |

### MEMORANDUM AND ORDER

**Juan R. Sánchez, J.**                                                     July 2, 2009

In this civil rights action,[1] Plaintiffs Michael S. Lyons, Steven L. Roberts, Shane Deardorff, Matthew T. Shuey, Clair Martin, Timothy W. Wheale, and Gordon J. Berlin maintain they possess privacy and property rights in their personnel files, and allege their First, Fourth, and Fourteenth Amendment rights were violated when, without any advance notice to Plaintiffs, Defendants used information from the personnel files against Plaintiffs when deposing them during discovery in *Lyons v. Mentzer*, Civil Action No. 08-94, 2008 WL 4444272 (E.D. Pa. Oct. 2, 2008). Defendants Jack F. Mentzer, Joseph M. Ditzler, and Elizabethtown Borough move to dismiss Plaintiffs' Amended Complaint for failure to state a claim, and request sanctions be imposed against Plaintiff Michael S. Lyons. Because this Court concludes Plaintiffs fail to state a claim entitling them to relief, the claims will be dismissed. Sanctions, however, will not be imposed against Lyons.

### FACTS

This action arises from the *Lyons* action, in which Plaintiff Michael S. Lyons, an Elizabethtown Borough police officer, brought a § 1983 suit against the same Defendants in this action alleging retaliation for his exercise of First Amendment rights. Lyons claimed he suffered

---

[1] Plaintiffs bring this action under 42 U.S.C. § 1983.

retaliation in the form of disparate treatment such as improperly applied excessively severe and unique punishment different from how other officers similarly situated were treated, ostracism, less desirable duty assignments, consistent harassment, and the intentional denigration of his professional standing." Document 1, *Lyons v. Mentzer*, Civil Action No. 08-94. In that action, this Court granted summary judgment because Lyons's statements were made pursuant to his official duties, and thus were not First Amendment protected speech.

The Plaintiffs in this action are police officers employed by Defendant Elizabethtown Borough, and are subordinates of Defendants Jack F. Mentzer and Joseph M. Ditzler. Roberts, Deardorff, Shuey, Martin, Wheale, and Berlin were all identified in Lyons's pretrial disclosures in the prior action as individuals with discoverable information. Each Plaintiff was deposed, with counsel from both sides present, in the *Lyons* action.

During the depositions, Defendants used information from Plaintiffs' personnel files, accessed without Plaintiffs' permission or knowledge, to "question and impeach [Plaintiffs] or otherwise cast them in a negative light as part of a defense stratagem to destroy their credibility as witnesses and to intimidate them." Am. Compl. 5-6. Plaintiffs allege they each have a privacy right and a property interest in their individual personnel records, and "a right to be free of intentional efforts to intimidate them and cause them emotional injury." Am. Compl. 4. As a result, Plaintiffs maintain, their rights under the First, Fourth, and Fourteenth Amendments were violated when Defendants access their personnel files and used information from such files at deposition.

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) admits, for the purposes of the motion, the complaint's well-pleaded allegations, but denies their legal sufficiency. *Hosp.*

*Bldg. Co. v. Trustees of the Rex Hosp.*, 425 U.S. 738, 740 (1976); *T.R. Ashe, Inc. v. Bolus*, 34 F. Supp. 2d 272, 274-75 (M.D. Pa. 1999). The Court must accept the complaint's factual allegations as true, as well as all reasonable inferences which may be drawn from the allegations. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). "But a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 287 (5th Cir. 1993). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"In 42 U.S.C. § 1983, Congress has created a federal cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755 (2005) (quoting 42 U.S.C. § 1983). State officials acting in their official capacities can be sued in their individual, personal capacities provided plaintiffs demonstrate they acted under color of state law and deprived plaintiffs of a federal right. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995).

Plaintiffs allege their First Amendment rights to appear as witnesses, to associate with persons of their choosing, to access and use the courts free of unlawful intimidation and state interference, and to petition for a redress of grievances were denied in the *Lyons* matter. Specifically, "matters from [Plaintiffs'] personnel files were used to question and impeach them or otherwise cast them in a negative light as part of a defense strategem to destroy their credibility as witnesses and to intimidate them." Am. Compl. 6. In addition, "medical information which was

3

private and protected, in [Plaintiffs'] view, was used from time to time as the basis of questions in efforts to cast them in a negative light or intimidate them." Am. Compl. 6. Nothing is alleged, however, that suggests Plaintiffs were questioned during depositions by Defense counsel in anything other than an adversarial manner. "Depositions are adversarial in nature and provide the opportunity for direct and cross-examination." *Darnell v. Target Stores*, 16 F.3d 174, 176 (7th Cir. 1994). Vigorous cross examination for evidence of bias or to attack a witness's credibility does not amount to retaliation. Indeed, that is the purpose of cross examination. In addition, none of the Plaintiffs were prevented from appearing as witnesses and fully testifying as to their knowledge of the claims after Lyons disclosed his association with the other Plaintiffs when he identified them in his Initial Disclosure and in his Answers to Interrogatories as individuals having knowledge of the claims in the *Lyons* matter. Plaintiffs do not dispute each had the opportunity to appear as a witness and be deposed with attorneys from both sides present.[2] Plaintiffs fail to show they suffered retaliation or were prevented from freely appearing as witnesses, associating with persons of their choosing, or accessing and using the courts.

Next, Plaintiffs' Fourth and Fourteenth Amendment claims fail because Plaintiffs cannot show they had a reasonable expectation of privacy or a property interest in their personnel files. "The Fourth Amendment protects the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *O'Connor v. Ortega*, 480 U.S. 709,

---

[2] Plaintiffs also never complained of Defense misconduct during depositions in the prior action. When a deposition is "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party," the deponent or a party may move the court where the action is pending or the deposition is being taken to terminate or limit the deposition. Fed. R. Civ. P. 30(d)(3)(A). Plaintiffs never filed such a motion or otherwise informed the Court that deponents were being intimidated by Defendants.

715 (1987) (citation and internal quotation marks omitted). "Searches and seizures by government employers or supervisors of the private property of their employees . . . are subject to the restraints of the Fourth Amendment." *Id.* A plaintiff's Fourth Amendment rights are implicated only if the conduct of the defendant infringed upon a reasonable expectation of privacy. *Id.* In determining what privacy expectations are reasonable, "the Court has given weight to such factors as the intention of the Framers of the Fourth Amendment, the uses to which the individual has put a location, and our societal understanding that certain areas deserve the most scrupulous protection from government invasion." *Id.* (citing *Oliver v. United States*, 466 U.S. 170, 178 (1984)). "The operational realities of the workplace, however, may make some employees' expectations of privacy unreasonable when an intrusion is by a supervisor rather than a law enforcement official. Public employees' expectations of privacy in their offices, desks, and file cabinets . . . may be reduced by virtue of actual office practices and procedures, or by legitimate regulation." *Id.* at 717. "The employee's expectation of privacy must be assessed in the context of the employment relation." *Id.*

Defendants owned and maintained the employees' personnel files. Any expectation of privacy in personnel files is unreasonable when the employer or supervisor who owns and maintains them has free access to them. Because Plaintiffs had no reasonable expectation of privacy in their personnel files, their Fourth Amendment rights are not implicated.

Additionally, to the extent Plaintiffs argue Defendants violated any expectation of privacy by publicly disclosing the contents of the personnel files during deposition, this claim also fails because pretrial depositions are not public events. *See, e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) (citation omitted) ("[P]retrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, and, in

general, they are conducted in private as a matter of modern practice.").

Plaintiffs claim their Fourteenth Amendment rights are implicated because they possess property interests in their personnel files, and Defendants deprived them of this property interest without due process when the files were accessed and used against Plaintiffs without notice to them. The Fourteenth Amendment provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. Plaintiffs had notice these files could be used in discovery when they were called to testify regarding Lyons's employment. There also is no authority to support Plaintiffs' contention they had a property interest in their personnel files. Further, nothing supports Plaintiffs' position a property interest, if any, was deprived when Defendants used, for the purposes of discovery, files which Plaintiffs themselves had placed at issue.

In any event, the claims against Mentzer and Ditzler must be dismissed because they are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (citation and internal quotations omitted). In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court set out a two-prong test for resolving government officials' qualified immunity claims. It is within the court's discretion to determine which of the two prongs of the qualified immunity analysis should be addressed first, in light of the circumstances of the particular case at hand. *Pearson*, 129 S. Ct. at 818. In the first prong, the court must decide whether the facts that a plaintiff alleges make out a violation of a constitutional right. *Pearson*, 129 U.S. S. Ct. at 815-16. In the second prong, the court must decide whether the right at issue was "clearly established"

at the time of defendant's alleged misconduct. *Id.* at 816. "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Id.* at 816. (citation omitted). The "clearly established" inquiry "turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Id.* at 822. (citation and internal quotation marks omitted). "[Q]ualified immunity operates 'to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Saucier*, 533 U.S. at 206).

Mentzer and Ditzler were not on notice that accessing personnel files in their possession was unlawful. At the time the files were accessed and used in deposition, there was no clearly established rule against Defendants' actions. Plaintiffs also cannot show they had a constitutional property interest in their employee personnel files. Defendants' conduct in accessing files in their possession was not in violation of any clearly established statutory or constitutional rights of which a reasonable person would have known. Mentzer and Ditzler are therefore entitled to qualified immunity.

Further, Plaintiffs fail to establish a claim against Elizabethtown Borough. A local government cannot be vicariously liable for "injuries inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Government entities may, however, be liable under § 1983 when execution of a policy or custom, carried out by an employee acting under color of law, causes the deprivation of an individual's civil rights. *Id.* Simply put, "a municipality can be found liable under section 1983 only where the municipality *itself* causes the constitutional violation at issue." *Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 435 U.S. 658) (emphasis in original). Plaintiffs do not cite any policy or custom which resulted in a

deprivation of their civil rights. Any claims against Elizabethtown Borough must therefore also be dismissed because it cannot be held liable under *Monell*.

This Court will not impose sanctions in this matter. Federal Rule of Civil Procedure 11 authorizes the Court to impose "sanctions upon the signer of any pleading, motion or other paper that was presented for an improper purpose, e.g. 'To harass or to cause unnecessary delay or needless increase in the cost of litigation.'" *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995) (quoting *Landon v. Hunt*, 938 F.2d 450, 452 (3d Cir. 1991)). This Court does not find this action was brought for an improper purpose.

An appropriate order follows.